7 F.3d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack WEBB, Plaintiff-Appellant,
v.
Jerry B. CLAVNER; Larry Davison; Claude Hopkins; John D.
Kruis; Greg Major; Geraldine Stamm; Allen J.
Summerlin; Fred Thiemer; Edward Trego,
Defendants-Appellees.
 No. 93-3380.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1993.
 
 Before: KEITH, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Jack Webb, a pro se private citizen, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Webb, a developer, sued the Mayor of the Village of Mantua, Ohio, the village clerk/treasurer, the village administrator, and six village council members. Webb alleged that the defendants denied him water and sewer "tap-ins" for a house he intended to construct and for other property that he owns in retaliation for his allegedly developing the land prior to his receiving proper building permits. Webb argued that the defendants' actions: 1) violated his right to liberty under the Fifth and Fourteenth Amendments; 2) violated his right to equal protection; 3) constituted impairment of his contractual obligations protected by Article I, Section 10 of the Constitution; 4) constituted a conspiracy to deprive him of unspecified civil rights; 5) constituted a denial of his right to a jury trial; and 6) constituted a "taking" of his property without due process.
 
 
 3
 After reviewing the defendants' motion for summary judgment and Webb's response, the district court dismissed the suit, concluding that Webb lacked standing to pursue his claims and that the claims were barred by the doctrine of res judicata. Webb has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the defendants. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Although we conclude that the record is insufficient to support a finding that Webb is barred from pursuing his claims under the doctrine of res judicata, the record nonetheless supports the district court's conclusion that Webb lacks standing to pursue his claims because Webb did not own the property in question at the time of the alleged violation, and so incurred no injury. See Pestrak v. Ohio Elections Comm'n, 926 F.2d 573, 576 (6th Cir.1991); Heimberger v. School Dist. of Saginaw, 881 F.2d 242, 245 (6th Cir.1989).
 
 
 5
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.